JENNIE WALKER, BY NEXT FRIEND, ET AL., PLAINTIFFS-APPELLEES, v. VENTURI SILVIO, DEFENDANT-APPELLANT.

Submitted May 13, 1927—Decided August 26, 1927.

Negligence—Injury to Passenger of a Truck Conveying Passengers on an Outing—Contributory Negligence Alleged—Held, Matter for Jury—No Error Found in Taking Testimony—Judgment Affirmed.

On appeal from the Cumberland Common Pleas.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Thomas G. Tuso.*

For the appellees, *Morris V. McDonald.*

PER CURIAM.

Jennie Walker, with other employes of the Kimball Glass Company, arranged for an outing at Centerton on June 14th, 1925, and two trucks of appellant were engaged to convey them from Vineland to Centerton. On reaching their destination and before the passengers had alighted, one of the trucks was moved close up to the one on which Jennie Walker was sitting, and was moved so near to the other as to strike it or, at least, strike the foot of Jennie Walker, injuring it or otherwise the situation was as contended for by the appellant, that as the rear truck moved up toward that upon which Jennie was riding she stuck up her foot, and coming in contact with the front of the rear truck she was injured. The jury found in favor of Jennie Walker in the sum of $1,500 and in favor of her father in the sum of $408.

From the judgments entered thereon the defendants below appeal.

Seven grounds of appeal are filed. None of them in form or substance is sufficient under the well-settled rules of this court to present any grounds of appeal and we might properly disregard them and affirm the judgments. We have, however, examined the matters raised with the aid of the brief of counsel for appellant where they are urged under three points.

The first point is that Jennie Walker was guilty of contributory negligence. This was a matter for determination by the jury.

The second point is in four parts—

1. Refusal of the trial court to strike out an answer of the plaintiff below because it was a conclusion. Such refusal was not error because the question itself was so framed as to call for a conclusion.

2. Because the trial court permitted Dr. Foltz to testify to injuries shown by an X-ray which was not produced.

An examination of the proofs, however, shows that the doctor did not testify as to the X-ray but to what he found from a physical, objective examination.

3. Because the trial court excluded testimony as to an alleged direction by the owner of the trucks that the tail boards must be kept up.

Such exclusion was proper because the proofs show that the plaintiff was not present at any of the times when such alleged order or admonition was given.

4. Because of alleged error in permitting an answer to a question to the witness Daglin on cross-examination, going to the question of the order in which the trucks started from Vineland. The objection is that it was not proper cross-examination. We think it was.

The third point is directed at certain portions of the court's charge. We find no error therein.

The judgments under review will therefore be affirmed, with costs.